# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**GARY LOCKETT** | Case No. 7:11-CR-28 (HL) |

## ORDER

Before the Court is Defendant Gary Lockett's pro se Renewed Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Resentence Due to Retroactive Guideline Amendment No. 782/788. (Doc. 98). Defendant filed a similar motion in 2016 (Doc. 80), which the Court denied after determining that Defendant, who was sentenced as a career offender, was not entitled to relief under Amendment 782. (Doc. 82). Defendant now argues that under the Supreme Court's recent decision in Hughes v. United States, 138 S. Ct. 1765 (2018), he should receive the benefit of Amendment 782 because the Sentencing Guidelines assisted the Court in fashioning a sentence. (Doc. 98, p. 1, 8). For the reasons discussed herein, the Court **DENIES** Defendant's motion.

## I.  BACKGROUND

On January 11, 2012, Defendant Gary Lockett pled guilty to Counts One and Four of an indictment, which charged him with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) and (iii) and with possession of a firearm in furtherance of drug trafficking in violation

of 18 U.S.C. § 924(c)(1)(A)(i). (Docs. 47, 48). As a part of his plea agreement, Defendant stipulated that he was responsible for 1916.8 grams of cocaine hydrochloride. (Doc. 47, p. 10).[1]

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (Doc. 51). The PSR indicated that Defendant was a career offender under U.S.S.G. § 4B1.1(a) based on two prior felony convictions for a controlled substance offense: (1) three counts of sale of cocaine, Tift County Superior Court, Case No. 99CR28; and (2) possession with intent to distribute cocaine and possession with intent to distribute marijuana, Tift County Superior Court, Case No. 2008CR147. (Id. at ¶ 28). Under U.S.S.G. § 4B1.1(c)(2), in the case of multiple counts of conviction where at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c), the sentencing guideline range is determined using the table found at U.S.S.G. § 4B1.1(c)(3). Based on the table, and taking into account a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, Defendant's advisory sentencing guideline range became 262 to 327 months. (Id. at ¶ 29).

Defendant filed no objections to the PSR. Defendant appeared before the Court for sentencing on March 26, 2012, at which time the Court imposed a sentence of 202 months as to Count One to be served consecutively to 60

---

[1] Defendant entered a conditional plea pursuant to Federal Rule of Criminal Procedure 11(a)(2), reserving the right to appeal the denial of his motion to suppress. (Doc. 47, p. 4).

months as to Count Four, for a total term of imprisonment of 262 months to be followed by five years supervised release. (Doc. 54). On appeal, the Eleventh Circuit Court of Appeals affirmed the Court's ruling on Defendant's motion to suppress. (Doc. 70). Defendant did not appeal any aspect of his sentence.

On August 20, 2014, the United States Attorney filed a motion pursuant to Federal Rule of Criminal Procedure 35(b) to lower Defendant's sentence to reflect his substantial assistance to the Government. (Doc. 71). Based on the information provided to the Court regarding Defendant's cooperation with the Government, the Court reduced Defendant's sentence as to Count One from 202 months to 140 months. (Doc. 76). Defendant's amended sentence then became 200 months imprisonment to be followed by five years supervised release. (Id.).

Defendant filed his first pro se motion for sentence reduction pursuant to Amendment 782 on January 4, 2016. (Doc. 80). After reviewing Defendant's motion, the Court denied Defendant's request for relief, explaining that because Defendant's sentencing guideline range was based on the career offender provisions found at U.S.S.G. § 4B1.1 and not under the Drug Quantity Table found in § 2D1.1(c), Defendant was not entitled to a reduction in his sentence based on Amendment 782. (Doc. 82).

II.  **DISCUSSION**

Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently

lowered as a result of an amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. §1B1.10(d). U.S.S.G. § 1B1.10(a)(1). A defendant is not eligible for a sentence reduction if a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.1(a)(2)(B)

Amendment 782 reduced the base offense level for most drug offenses by two levels. U.S.S.G. § 1B1.1(d); U.S.S.G. App. C, Amend. 782 (2014). However, Amendment 782 did not make any changes to U.S.S.G. § 4B1.1, the career offender guideline. See U.S.S.G. App. C, Amend. 782. Thus, where a defendant is sentenced under § 4B1.1 and not under the Drug Quantity Table in § 2D1.1(c), the defendant is ineligible for § 3582(c)(2) relief. See United States v. Moore, 541 F.3d 1232, 1327 (11th Cir. 2008) (holding that defendants whose applicable guideline ranges were calculated under § 4B1.1 did not qualify for § 3582(c)(2) relief because Amendment 706, which lowered base offense levels for certain quantities of crack cocaine, had no effect on their guideline ranges); see also United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (concluding that Moore remained binding precedent and that Amendment 750 did not lower the guideline range for career offenders).

As the Court previously explained, Amendment 782 has no impact on Defendant's sentencing guideline calculation because he was sentenced under

4

the career offender provision; therefore, he is not eligible for relief under § 3582(c)(2). Defendant argues, however, that under United States v. Hughes, the two-level reduction afforded under Amendment 782 should apply "no matter how a sentence was based." (Doc. 98, p. 8). Defendant misapprehends the Supreme Court's holding in Hughes.

In Hughes, the Supreme Court concluded that defendants sentenced pursuant to a "Type-C" agreement are eligible for a sentence reduction under § 3582(c)(2) "so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." 138 S. Ct. 1765, 1775 (2018). In a "Type-C" agreement, a plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), the Government and a defendant "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply," and "such a recommendation or request binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

Defendant in this case did not enter into a "Type-C" plea agreement with the Government. Accordingly, his reliance on Hughes is misplaced. The Court therefore **DENIES** Defendant's renewed motion for a sentence reduction.

### III. CONCLUSION

For the foregoing reasons, Defendant Gary Lockett's Renewed Motion Pursuant to 18 U.S.C. § 3582(c)(2) to Resentence Due to Retroactive Guideline Amendment No. 782/788. (Doc. 98) is **DENIED**. Defendant's sentence shall remain at a term of 200 months.

**SO ORDERED** this 14th day of September, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks